UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARILYN PIERCE, on behalf of herself and all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-0410-B |
| **NORTH DALLAS HONEY COMPANY,** | § § § | |
| **Defendant.** | § | |

## ORDER TO SHOW CAUSE

On February 19, 2019, Plaintiff Marilyn Pierce, on behalf of herself and all others similarly situated, filed a class-action complaint against Defendant North Dallas Honey Company. Doc. 1., Compl. Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act ("CAFA"). *Id.* ¶ 8. Minimal diversity is required for jurisdiction on this basis, which can be established when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). After reviewing the pleadings, the Court concludes that Plaintiff has not met her burden to invoke subject matter jurisdiction on the grounds alleged.

District courts have an independent duty to inquire into jurisdiction. *Rasberry v. Capitol Cnty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 602 (E.D. Tex. 2009) (examining minimal diversity in a CAFA action *sua sponte*). Other courts in this Circuit and beyond have found that a plaintiff does not carry its burden of showing minimal diversity when all named parties share the same citizenship. *See Behler v. East Jefferson Hosp. Serv. Dist. No. 2*, 2012 WL 13001034, at *3 (E.D. La. Aug. 20, 2012) (collecting cases). In *Behler*, the Court found that the plaintiff had failed to allege minimal

diversity when all named parties were alleged to be Louisiana citizens, even though the plaintiff also alleged that at least some members of the putative class were citizens of different states. *Id.* at *1, 3. Because the plaintiff failed to cure this deficiency, the court dismissed the case for lack of subject matter jurisdiction. *Id.* at *4.

Here, Plaintiff Pierce is the only named plaintiff, and is a citizen of Texas. Doc. 1, Compl., ¶ 6. Plaintiff alleges that Defendant is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in McKinney, Texas. *Id.* ¶ 7. While Plaintiff states that she "seeks to represent a national class of consumers, many of whom are not citizens of Texas," the only named parties are alleged to be citizens of the same state, Texas. *Id.* ¶ 8. This is similar to the facts alleged in *Behler* that the court found to be insufficient to establish minimal diversity; thus the Court appears to be without jurisdiction here.[1]

As such, Plaintiff is hereby **ORDERED** to **SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff should file an amended complaint or otherwise respond to this order by **Thursday, March 7, 2019**, and clarify the grounds—if any—on which this Court may exercise jurisdiction over this case.

**SO ORDERED.**

**SIGNED: February 21, 2019**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The Court makes no opinion at this early stage as to whether some other exception to jurisdiction might apply that would require the Court to decline jurisdiction. *See, e.g.*, 28 U.S.C. § 1332(d)(4).