UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARILYN PIERCE, on Behalf of Herself and All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:19-CV-00410-X |
| NORTH DALLAS HONEY COMPANY, | § § § § | |
| Defendant. | § § | |

# **MEMORANDUM OPINION AND ORDER**

North Dallas Honey Company allegedly markets its premium honey as "100% Pure Raw and Unfiltered Honey."[1] Plaintiffs Marilyn Pierce and Anish Dave claim the honey contains syrup (and thus is not 100% honey) and is heated to a level that destroys enzymes that make honey raw. Their complaint contains class allegations. North Dallas Honey Company moved to dismiss that complaint (Doc. No. 14), and that motion is now ripe. The motion argues that the claims have pleadings defects and the Court should abate the case for 60 days because Pierce and Dave never sent the statutory 60-day pre-suit notice for deceptive trade practice claims. The Court orders Pierce and Dave to send North Dallas Honey Company the required notice of suit within 3 days. The Court is abating this case for the statutory 60-day period.

---
[1] Pierce's Amended Class Action Complaint at ¶11 [Doc. No. 5].

1

The Court also **GRANTS** North Dallas Honey Company's motion to dismiss. The Court **DISMISSES WITH PREJUDICE** the fraudulent concealment claim, **DISMISSES** the fraudulent misrepresentation and deceptive trade practice claims, and grants leave to Pierce and Dave to file an amended complaint on the 60th day after serving the deceptive trade practice notice. That filing will reinstate this case to the Court's active docket.

## I. Factual Background

North Dallas Honey Company sells honey under the name "Nature Nate's." Nature Nate's labels its flagship product as "100% Pure Raw and Unfiltered Honey." Pierce and Dave purchased and tested some of this honey. They filed a putative class action with two factual assertions that are the basis of seven causes of action.

The first factual basis (the Heating Claim) is that Nature Nate's heats the premium honey beyond what Pierce and Dave claim is an industry-accepted permissible threshold, which renders the honey not raw. Nature Nate's admits that it heats the honey for the purpose of repackaging it from the large drums it receives to the smaller bottles it sells.[2] The description from its website indicates "[w]e simply warm the honey so that it's easier to deal with and pour into bottles. High heat is a no no. It kills all the good stuff."[3]

The complaint alleges that heating raw honey to over 105 degrees denatures

---

[2] *Cf.* Quote by Jerry Seinfeld, SComedy, *at* https://scomedy.com/quotes/7235 (last visited Mar. 2, 2020) (quoting Jerry Seinfield commenting on pharmacists as saying "Clear out everybody I'm workin with pills up here. I'm taking pills from this big bottle and then I'm gonna put them in a little bottle! That's my whole job")

[3] *Raw & Unfiltered: What We Do (and What We Don't)*, NATURENATE'S.COM, https://www.naturenates.com/raw-unfiltered/ (last visited Mar. 2, 2020).

valuable enzymes, and that Nature Nate's heats its honey to as much as 120 degrees.[4] Pierce and Dave allege in the complaint that Codex Alimentarius is an international reference standard for resolving disputes over food safety and consumer protection and has set the maximum 5-hydroxymethylfurfural (HMF)[5] level for raw honey at 40 mg/kg. They claim the test results are that Nature Nate's honey scored an impressive(ly bad) 69, 80, 103, and 232. Thus, Pierce and Dave claim Nature Nate's heated the honey over 105 degrees, rendering it no longer raw while charging a premium for raw honey.

The second factual basis is that the tested samples showed that syrups had been added to the honey. Pierce and Dave allege that Nature Nate's states on its website that "[w]e only bottle the best. That's why we test. And test. And test. No antibiotics, pesticides or herbicides or added corn or rice syrup gets past us."[6] But Pierce and Dave admit that, "[a]t this point, [they] cannot say whether Nature Nate['s] adds syrups to its honey" because one of its suppliers could have done the deed.[7]

Overall, the complaint has these allegedly misleading allegations as the basis

---

[4] Because America declared its independence from England in 1776 and still maintains it, this Court will refer to heat measurement in Fahrenheit form.

[5] The Court disfavors acronyms because they can render some sentences entirely unreadable. But given that the Court was unable to pronounce "5-hydroxymethylfurfural" three times quickly, it will sadly proceed to use an acronym here for readability.

[6] Pierce's Amended Class Action Complaint at ¶3 [Doc. No. 5]. *Cf.* Bud Light—Special Delivery, YouTube (Feb. 3, 2019), *at* https://www.youtube.com/ watch?v=LkHvj_KEHBk (describing a voyage of Bud Light personnel to send a misdirected barrel of corn syrup to other brewers who use it). Of note is that Bud Light uses rise instead of corn syrup in the fermentation process. Associated Press, *Judge: Anheuser-Busch must pull some ads about MillerCoors*, May 25, 2019, *at* https://apnews.com/22f02a60 07fe402cbc3ec38c4a173b0f. Nature Nate's says is refrains from rice and corn syrup.

[7] Pierce's Amended Class Action Complaint at ¶3 [Doc. No. 5].

3

for the following counts: negligence, a Deceptive Trade Practices Act claim, fraudulent misrepresentation, fraudulent concealment, unjust enrichment, violation of Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, and a declaratory judgment. Nature Nate's moved to dismiss the complaint, and that motion is ripe.

## II. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor."[8] To survive a motion to dismiss, Pierce and Dave must allege enough facts "to state a claim to relief that is plausible on its face."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[11] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[12]

But this case also has fraud allegations. For fraud, Rule 9 requires the plaintiff

---

[8] *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110–11 (2d Cir. 2012)).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[12] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)).

4

to "state with particularity the circumstances constituting fraud or mistake."[13] "In other words, Rule 9(b) requires 'the who, what when, where, and how to be laid out' in the complaint."[14] Pleading fraud based on an omission "[t]ypically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading."[15]

### III. Application

Nature Nate's makes the following argument. First, it argues that Pierce and Dave failed to meet the heightened standard for pleading fraud for the fraudulent misrepresentation, fraudulent concealment, and the deceptive trade practices claim. Second, Nature Nate's contends the declaratory judgment claim is duplicative of other claims. Third, Nature Nate's contends that Pierce and Dave failed to give the statutory 60-day notice before suing, and that the Court must abate the case.[16]

As an initial matter, the Court will require the statutory notice and abate the case for 60 days. On the pleading defects, the Court finds no duty to disclose in the way Pierce and Dave have pled their fraudulent concealment claim, and the Court dismisses that claim with prejudice. The Court finds that Pierce and Dave have not met the heightened pleading standard for their remaining fraud claims, dismisses

---

[13] FED. R. CIV. P. 9.

[14] *Pipefitters Local No. 636 Defined Benefit Plan v. Zale Corp.*, 499 F. App'x 345, 349 (5th Cir. 2012) (citing *Benchmark Elecs. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

[15] *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (quotation marks omitted).

[16] When Nature Nate's moved to dismiss the negligence, unjust enrichment, and Moss Magnusson claims, Pierce and Dave conceded these claims were defective and agreed to drop them from an amended complaint.

5

them without prejudice, and grants leave to replead. The Court will reserve judgment on Nature Nate's remaining argument (that would result in dismissal of the declaratory judgment claim with prejudice) once the Court reviews Pierce and Dave's final pleading.

A. Fraudulent Misrepresentation

Pierce and Dave's first fraud claim is for fraudulent misrepresentation (that the honey was not so heated that it was no longer raw and that it was pure and therefore didn't contain syrup). Two elements of fraudulent misrepresentation claims are at issue here: (1) "when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth" and (2) "the plaintiff relied on the representation."[17]

Nature Nate's contends the complaint fails to allege Nature Nate's knowingly or recklessly made a false representation. Pierce and Dave contend that Nature Nate's concealed, suppressed, and omitted material facts regarding heating its honey that contained syrup while distributing, marketing, and selling to consumers. The Court agrees with Nature Nate's.

The Fifth Circuit forbids conclusory allegations of fraud, such as statements that a defendant knew or was reckless in not knowing the truth. While Rule 9(b) expressly allows a plaintiff to allege scienter generally, simple or conclusory allegations that defendants have fraudulent intent won't satisfy Rule 9(b) because "[t]he plaintiffs must set forth specific facts supporting an inference of fraud."[18] But

---

[17] *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter,* 607 F.3d 1029, 1032 (5th Cir. 2010).

[18] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Melder v. Morris*, 27 F.3d

generally alleging fraudulent intent is exactly what Pierce and Dave did here. For example, they allege:

> Nature Nate knew (or but for its negligence or reckless indifference would have known) that it or its distribution channels were receiving, and did receive, honey that had been heated to such a temperature that it ceased to have those properties for which Plaintiffs and the proposed Class of consumers buy raw honey. Nature Nate also knew, or should have known, that its Raw Honey had had syrup added to it.[19]

In fact, it isn't possible to make these allegations any more conclusory. The only facts to glean from elsewhere in the complaint do not help. For example, the allegations regarding HMF threshold standards yield no indication that Nature Nate's knew of these standards or agreed to abide by them.

The Syrup Claim fares worse. Pierce and Dave allege: "At this point, we cannot say whether Nature Nate adds syrups to its honey. That may in fact have been done by one or more of Nature Nate's suppliers."[20] This does not meet the pleading standard for fraud. But in situations such as this, courts tend to give plaintiffs an opportunity to replead to see if they can cure their defect. The Court will do so here.

B. Fraudulent Concealment

Fraudulent concealment is a claim for fraud by omission. The elements in dispute here are: (1) the defendant concealed certain facts from the plaintiffs; (2) the defendant had a duty to disclose the facts to the plaintiffs, (3) the defendant knew the plaintiff was ignorant of the facts and did not have an equal opportunity to discover

---

1097, 1102 (5th Cir. 1994)).

[19] Pierce's Amended Class Action Complaint at ¶27 [Doc. No. 5]. Pierce and Dave's similar allegations in paragraphs 28, 29, 66, 71–72, 84, and 87 suffer from the same lack of specificity.

[20] *Id.* ¶3.

7

the facts; and (4) the plaintiff relied on the defendant's nondisclosure.[21]

Nature Nate's contends there is no duty to disclose here. Pierce and Dave respond that Texas courts have recognized a duty to disclose "when one party voluntarily discloses information, which gives rise to the duty to disclose the whole truth."[22] But the courts have imposed such duties (that expose a defendant to punitive damages) in such cases as real estate transactions,[23] commercial contracts,[24] or securities.[25] Implying a duty here, where Pierce and Dave identified none, would subvert carefully crafted products liability and consumer protection law. The Court declines such a broad invitation. Because this pleading defect is insurmountable, the Court **GRANTS** the motion to dismiss as to the fraudulent concealment claim and **DISMISSES THE CLAIM WITH PREJUDICE**.[26]

### C. Deceptive Trade Practices

Deceptive trade practice claims are subject to the heightened pleading requirements of Rule 9(b).[27] Nature Nate's argues, among other things, that the same defects with Pierce and Dave's fraudulent misrepresentation and concealment claims are present in their deceptive trade practice claim. Pierce and Dave contend their

---

[21] *White v. Zhou Pei*, 452 S.W.3d 527, 537 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

[22] *Id.* at 538.

[23] *Cronus Offshore, Inc. v. Kerr McGee Oil & Gas Corp.*, 369 F. Supp. 2d 848, 858–59 (E.D. Tex. 2004).

[24] *TXI Operations, LP v. Pittsburg & Midway Coal Mining Co.*, 2004 WL 2088911, at *2 (N.D. Tex. Sept. 8, 2004).

[25] *Stephens v. Halliburton Co.*, 2003 WL 22077752, at *10 (N.D. Tex. Sept. 5, 2003).

[26] As a result of this ruling, the Court need not reach Nature Nate's remaining arguments that, if granted, would only allow repleading the fraudulent concealment claim.

[27] *Krames v. Bohannon Holman, LLC*, 2009 WL 762205, at *10 (N.D. Tex. Mar. 24, 2009) (O'Connor, J.) (citation omitted); *El Conejo Bus Lines, Inc. v. Metro. Life Ins. Co.*, 1999 WL 354237 at *2 (N.D. Tex. May 27, 1999) (Fitzwater, J.).

fraud claims are valid and their DTPA claim should be valid too.

Pierce and Dave's deceptive trade practice claim includes allegations regarding misrepresentations and omissions. As addressed above, the fraudulent concealment claim suffers from the fatal defect of Pierce and Dave not demonstrating an affirmative, common-law duty to disclose in a product labeling case such as this. This defect applies with equal force to the omission allegations of the deceptive trade practice claim. Regarding the fraudulent misrepresentation claim, the only allegations of intent were conclusory and require repleading. By extension, this defect applies to the deceptive trade practice claim as well.

## D. To Abate or Not to Abate?

The Texas Deceptive Trade Practices Act requires, "[a]s prerequisite to filing a suit seeking damages" under the statute,

> a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.[28]

Pierce and Dave admit they gave no pre-suit notice, but they claim the lawsuit adequately functions as that notice now. The Fifth Circuit and Texas Supreme Court have required abating the action until this statutory requirement is met.[29] The Court will do so here. The Court hereby instructs Pierce and Dave to send Nature Nate's the required notice of suit within 3 days. The Court is abating this case during the

---

[28] TEX. BUS. & COM. CODE § 17.505(a).

[29] *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir.1996); *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992).

9

statutory 60-day period. If Pierce and Dave have timely served their notice, they may file an amended complaint on the 60th day after serving notice. That filing will reinstate this case to the Court's active docket.

IV. Conclusion

For these reasons, the Court orders Pierce and Dave to send Nature Nate's the statutory notice of suit within 3 days. The Court is abating this case during the statutory 60-day period. The Court also **GRANTS** Nature Nate's motion to dismiss. The Court **DISMISSES WITH PREJUDICE** the fraudulent concealment claim, **DISMISSES** the fraudulent misrepresentation and deceptive trade practice claims, and allows Pierce and Dave file an amended complaint on the 60th day after serving the deceptive trade practice notice. That filing will reinstate this case to the Court's active docket.[30]

**IT IS SO ORDERED** this 3rd day of March, 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[30] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.